OPINION
Defendant-appellant Timothy Ogg appeals from an order of the Clark County Court of Common Pleas, Domestic Relations Division, denying his motion for standard child visitation and ordering him to seek suitable employment. He contends that the decision of the trial court constitutes an abuse of discretion and is not supported by the evidence.
We conclude that the trial court did not abuse its discretion by denying standard visitation or by requiring Mr. Ogg to seek employment, and that the record supports the trial court's decision. Accordingly, the judgment of the trial court is Affirmed.
 I
Mr. and Mrs. Ogg were divorced in May, 1999, in Clark County. The parties have two minor children born of the marriage. Pursuant to the divorce, Mrs. Ogg was granted custody of the children. Mr. Ogg was denied visitation with the children due to his admitted alcoholism and resulting violent behavior. The decree stated that visitation would not be granted until Mr. Ogg had attended a "twelve-step program," like Alcoholics Anonymous, and had achieved an "extended period of sobriety." He was also ordered to pay child support to Mrs. Ogg. The original decree was not appealed by either party.
In November, 2000, Mr. Ogg filed a motion seeking standard visitation with the children. Mrs. Ogg subsequently filed a motion, which among other things, requested the trial court to increase the amount of child support paid by Mr. Ogg, and to require him to seek work. The matter was tried before a magistrate on February 3, 2001. The evidence presented indicated that Mr. Ogg had not attended AA until shortly prior to the hearing. It also indicated that he had not acknowledged his alcoholism. Additionally, the evidence showed that Mr. Ogg had owned his own business since 1990, but that his earnings from the business were less than the minimum wage. Mr. Ogg's evidence also reflected that his stated expenses exceeded his stated income, thereby suggesting that Mr. Ogg was hiding income. The magistrate issued a decision finding that Mr. Ogg had failed to comply with the terms of the original decree regarding AA meetings, and that standard visitation should therefore be denied. The magistrate also found it appropriate to order Mr. Ogg to seek work.
Mr. Ogg filed objections to the decision of the magistrate, which the trial court overruled. The trial court found that Mr. Ogg had failed to comply with the terms of the original decree regarding visitation. The trial court further found that although the evidence did not support a finding that Mr. Ogg was hiding income, it did support a finding that he was purposely underemployed. Therefore, the trial court adopted the decision of the magistrate denying standard visitation, and the trial court ordered Mr. Ogg to seek other employment. From this decision, Mr. Ogg appeals.
 II
Mr. Ogg's First Assignment of Error is as follows:
 THE DECISION MADE BY THE MAGISTRATE AND THE TRIAL COURT TO DENY VISITATION WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Mr. Ogg contends that the trial court abused its discretion by denying his request for visitation. In support, he contends that the evidence demonstrates that he complied with the court's original order regarding AA meetings and sobriety.
When reviewing a trial court's determination of visitation between a parent and a child, an appellate court uses an abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. A court is found to have abused its discretion when its attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court is not free to substitute its own judgment on factual or discretionary issues for that of the trial court. Buckles v. Buckles
(1988), 46 Ohio App.3d 102, 110. An appellate court may reverse a trial court's decision as against the manifest weight of the evidence if it is not supported by competent, credible evidence. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279.
In this case, Mr. Ogg did present evidence regarding programs he had been involved with. The first document submitted by Mr. Ogg indicated that he had attended meetings from May, 1999, through November, 1999. However, the document does not specify the nature of the meetings, and does not specify the dates or number of the meetings. The second document indicates that Mr. Ogg attended six AA meetings immediately prior to the hearing on his motion. A factfinder could reasonably conclude that Mr. Ogg attended these six meetings shortly before the hearing merely to give an appearance of complying with the court's order, without a sincere effort on his part to solve his drinking problem. Furthermore, the evidence indicates that Mr. Ogg had not stopped consuming alcohol as of the time of the hearing.
We conclude that the trial court's finding regarding Mr. Ogg's failure to comply with the orders in the original decree is supported by the evidence. We therefore conclude that the trial court did not abuse its discretion by denying visitation based upon the failure to comply with those orders. Accordingly, the First Assignment of Error is overruled.
 III
The Second Assignment of Error is as follows:
 THE DECISION MADE BY THE MAGISTRATE AND THE TRIAL COURT FOR APPELLANT TO SEEK WORK WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In this Assignment of Error, Mr. Ogg contends that the trial court abused its discretion by requiring him to seek work. Mr. Ogg argues that if he is required to seek work, he will end up obtaining a job that pays minimum wage, which is less than he claims to have earned for 2000,[1]
and that he will lose all the monies invested in his business.
The evidence at the hearing demonstrated that Mr. Ogg has owned his business since 1990, and that he has consistently earned less than a minimum wage from that business. Given the earnings history associated with this business after more than ten years, and the fact that Mr. Ogg could earn at least minimum wage in another job, we cannot say that the trial court abused its discretion by ordering him to seek other work. Since it appears from the record that Mr. Ogg currently spends more money than he claims to earn from his business, we note that he has the option, if he truly wishes to retain his business, either to request the court to impute additional income, or to agree to pay child support based upon more income than he now earns.
The Second Assignment of Error is overruled.
 IV
Both Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and BROGAN J., concur.
[1] In his appellate brief, Mr. Ogg claims to have submitted evidence to the trial court during the hearing on his objections to indicate that he earned $11,700 in the year 2000. He further contends that this amount is higher than the minimum wage, which would be approximately $10,900. However, the only evidence we find in the record regarding Mr. Ogg's income for 2000 is contained in the trial court's decision, which notes that Mr. Ogg's income for 2000 was $9,621, an amount less than the sum indicated by Mr. Ogg to be commensurate with the minimum wage.